UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI OSMIN DIAZ-LINARES,<br><br>                      Petitioner,<br><br>v.<br><br>PATRICK DIVVER, *et al.*,<br><br>                      Respondents. | Case No.: 26-cv-654-JO-SBC<br><br>**MINUTE ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

      Eli Osmin Diaz-Linares, a citizen of El Salvador, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. 1. He entered the United States in or around 2022 and has resided continuously in the country since that time. *Id.* ¶ 5. Around four years later, on April 27, 2025, Immigration and Customs Enforcement officers detained Petitioner following his arrest for theft and initiated removal proceedings under Section 240 of the Immigration and Nationality Act. Dkt. 1-3 at 1; Dkt. 6 at 5. Petitioner states that on July 29, 2025, an immigration judge granted him release on bond but withdrew that ruling due to the Department of Homeland Security's filing of a notice of intent to appeal the bond decision. Dkt. 1-2 at 6. Petitioner's removal proceedings remain pending, and

he has continuously been detained at the Otay Mesa Detention Center. Dkt. 1 ¶¶ 5, 19.

For the reasons stated in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2-*3 (S.D. Cal. Jan. 29, 2026), the Court finds that 8 U.S.C. §§ 1252(g), (a)(5), and (b)(9) do not bar Petitioner's collateral challenge to the constitutionality and legality of his current detention.

Respondents concede that Petitioner is detained under § 1226 and thus entitled to a bond hearing under *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *See* Dkt. 8. The Court therefore grants Petitioner's habeas petition and request for a bond hearing before an immigration judge to assess whether his continued detention is justified.

For the reasons stated above, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents, within five business days of this order, SHALL provide Petitioner with an individualized bond hearing before a neutral immigration judge where the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondents SHALL NOT deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. If no hearing occurs within five business days of this order, Petitioner SHALL be released from Respondents' custody by 5 p.m. on the sixth business day following this order (February 23, 2026).

3. Respondents shall file a declaration by 5 p.m. on the seventh business day following this order stating either the results of any bond hearing conducted

pursuant to this order or, if no bond hearing was held, confirm that Petitioner has been released.

**IT IS SO ORDERED.**

Dated: February 13, 2026

_____
Honorable Jinsook Ohta
United States District Judge